The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employee-employer relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self-insured with CompSource acting as the servicing agent.
4. Plaintiff's average weekly wage was $373.20.
5. Plaintiff suffered an injury by accident on August 26, 1995, resulting in an injury to the left shoulder.
6. The defendant-employer admitted liability and certain benefits were paid.
7. The issue to be determined by the Commission is what is the extent of the plaintiff's disability.
* * * * * * * * * * *
The Full Commission adopts the following findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On August 26, 1995, plaintiff was employed by defendant-employer.
2. On said date, plaintiff suffered a minor injury to his left shoulder, and he was seen at the emergency room at Johnston County Hospital.
3. Within a few days, plaintiff was well. As of October 6, 1995, plaintiff was back at the basketball court playing basketball and showed no evidence of any injury.
4. Although after the emergency room visit by plaintiff, five additional doctors' appointments were made for plaintiff by defendant-employer; but he did not see the doctors. This is further evidence that plaintiff suffered no serious injury as a result of the accident on August 26, 1995.
5. Plaintiff was ordered to return to the doctor for an evaluation after the hearing of January 25, 1996. The examination revealed that Dr. Wyker could not find any focal deficits. Furthermore, plaintiff would not allow the doctor to do a good examination. All in all, Dr. Wyker was unable to find any significant shoulder abnormality or any other problems that would prevent plaintiff from returning to his previous employment.
6. Plaintiff suffers from no further disability as a result of this injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff did not prove that he suffered further disability, he is not entitled to further benefits under the Workers' Compensation Act.
2. Defendants shall pay the medical bill to Dr. Robert T. Wyker for the independent medical evaluation ordered in this case.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for further workers' compensation benefits is hereby DENIED.
2. Defendants shall pay for the medical evaluation done by Dr. Robert T. Wyker.
3. Each side shall pay its own costs.
* * * * * * * * * * *
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/rst